## HARTIGAN v. SMITH.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE.

Defendant refused to complete a contract to purchase land from plaintiff, on the ground that the title was defective, in that there was an outstanding claim of one M. The only evidence of such claim was an allegation of a complaint filed 30 years before, in an action for partition of a farm of which the land in question was a part, that one W., since deceased, a devisee under the will of a former owner of the farm, supposing that she had a fee-simple title, had conveyed to one P., and that P.'s interest had passed to said M.; that, after the conveyance by W., it was decided by the court of appeals that she had only a life estate in the land, in consequence of which no title passed to M.; and that, by the judgment in the action, partition was made in kind, and the part so conveyed by W. was set off to M. on the one part, and one J. on the other part, as adverse claimants, "temporarily and until the determination of such adverse claims." There was nothing to impeach J.'s title. There was no record or other proof of any deed from P. to M., and M. had never been in possession, but there was a record of a deed from P. to a third person, and of mesne conveyances from such person to plaintiff. The interest of J., who was the claimant adverse to M., had also become vested in plaintiff. *Held*, that the title of plaintiff was marketable.

2. SAME—MORTGAGE PAYABLE IN GOLD.

The title to land agreed to be sold is not defective because a mortgage on the land, recited in the contract to be for a certain sum, is payable in gold, unless it appears that such a mortgage is more onerous than one payable in lawful money.

Appeal from special term, New York county.

Action by Catharine Hartigan against Thomas H. Smith. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, IN-GRAHAM, and PARKER, JJ.

E. Ritzema De Grove, for appellant.
Edward E. Sprague, for respondent.

INGRAHAM, J.  The action is for specific performance, brought by the vendor of a piece of real estate in the city of New York.  The question litigated was as to the plaintiff's title to the property, and the court below decided that the plaintiff "had a good and sufficient title to the premises agreed to be sold, and duly performed the contract on her part."  It is this finding that is challenged by the defendant, and is the only question is controversy.  There is presented the not infrequent case of a title upon which suspicion is thrown because of a deed assuming to convey an interest in the property, which upon its face is insufficient to convey the title thereby purported to be conveyed, and which would render the title to the premises unmarketable if the grantors in such deed had an interest in the property, the acquisition of which was necessary to make a good title.  A careful examination, however, of the title to the property, discloses the fact that the grantors in this deed had no title to or interest in the property, and that an informality or irregularity in their deed is entirely immaterial.  The property in question was a part of the farm of one John Hopper, whose will devised the said farm to his trustees for his three grandchildren.  After much litigation, the construction of this will was settled by the decision of the court of appeals in the case of Striker v. Mott, 28 N. Y. 82.  Subsequent to such decision, an action was brought to partition this farm of John Hopper, deceased, in which all of those interested in the property were made parties.  To that action, one Robert B. Minturn was also made a party defendant.  The complaint alleged that conveyances of portions of the property had been made by various life tenants upon the supposition that they owned the property in fee, but who, the court of appeals decided, had only a life estate.  Such complaint set up one of such conveyances as being a conveyance by one Winifred Mott, as grantor, to George Park, as grantee, whose interest had passed to Robert B. Minturn.  The conveyance from Winifred Mott to George Park is duly recorded, but there is no record and no proof of any conveyance from Park to Robert B. Minturn.  It was also alleged in that complaint that these conveyances, under the decision of the court of appeals, were ineffectual to pass any title of any kind to the property.  Robert B. Minturn appeared by attorney in that case, and the interlocutory judgment entered therein contained a provision that, as to the parcels conveyed by Winifred Mott to George Park, there were conflicting claims as between the defendant Minturn and those entitled as devisees or heirs at law of devisees under the Hopper will, who were described in such interlocutory judgment as "adverse claimants to such seven parcels, which conflicting claims do not in any wise affect any other shares in said lands and premises, or any other part of said lands.  And, inasmuch as this court hath not ascertained

or declared all the facts concerning the rights, titles, and estates, or interests of the said adverse claimants in said seven parcels so apparently granted as aforesaid, but only so many as to enable the court to adjudge as herein in this respect specified, therefore it is just, convenient, and proper that, in the partition by this judgment directed to be made, such seven parcels should temporarily, and until the determination of such adverse claims, upon further proceedings to be had between such adverse claimants, be assigned or set off in fee simple in common to such adverse claimants of the same, reserving all questions of right in respect of such seven parcels between such adverse claimants." In pursuance of this interlocutory judgment, commissioners were appointed, who made a report whereby they set off the property in fee simple, as in common to the said defendant Robert B. Minturn on the one part, and the defendant James Striker Mott and others, respectively, on the other part, who were adverse claimants to the same, following a description of the property set off to these adverse claimants. By final judgment, this report was affirmed, and the lands therein described were duly assigned and set off, as in common to the defendant Robert B. Minturn, on the one part, and the defendant James Striker Mott and others, respectively, on the other hand, who were adverse claimants to the same, the judgment providing that the property "shall be, and the same is hereby, vested in them, the said adverse claimants, temporarily and until the determination of such adverse claims, upon further proceedings to be had between such adverse claimants, to be had, held, and enjoyed forever, separate and apart from the other parts of the said lands and premises." It is conceded that all the interests of James Striker Mott and the others who were described as claimants of this tract of land, as adverse to Minturn, have become vested in the plaintiff. It also appears that the plaintiff has acquired the title or interest that Park had or acquired by virtue of the deed from Winifred Mott to him, and that all interests in the estate have vested in the plaintiff, except that vested in Minturn; for it appears that by a deed dated March 27, 1845, about one year after the conveyance by Winifred Mott to Park, Park had conveyed the premises to Isabella Hamilton, and that Isabella Hamilton died prior to February 29, 1868, leaving a will, by which she devised all her property to her son John P. Hamilton, who, by quitclaim deed dated March 22, 1869, conveyed to plaintiff's grantor the premises in question, thus vesting in the plaintiff's grantor both the title of the devisees under the Hopper will and the title conveyed by Winifred Mott to Park, but which latter conveyance was, under the decision of the court of appeals, ineffectual to pass any estate in the land. These conveyances under the recording act would be sufficient to vest in the plaintiff not only the title to the land itself, but also any interests which had been acquired by the grantee of Winifred Mott's deed, except so far as they are affected by this interlocutory judgment in the partition suit. That interlocutory judgment was entered some time in the year 1864, and the final judgment was entered on January 10, 1865. Subsequent to that date, viz. March 22, 1869, by the deed of John P. Hamilton and wife to plaintiff's grantor,

there vested in him whatever interest in the property had been conveyed by Winifred Mott to Park, which interest had become vested in Isabella Hamilton by Park's conveyance to her, in 1845.     Thus, whatever right Minturn had acquired by this judgment in the partition suit was cut off by the subsequent recording of the deed from Isabella Hamilton's devisee, who, according to the record, was vested with whatever title passed by the conveyance of Winifred Mott. There is not a particle of evidence that Minturn ever had any possible interest in this property, or ever was in possession of it, except this allegation in the complaint in the partition suit that whatever interest passed by the deed from Winifred Mott to George Park had vested in Minturn.     But we think there are two conclusive answers to the objection to the title, on the ground that such interest as was there recited to have become vested in Minturn is a cloud upon this title. The first is that, under the decision of the court of appeals in the case of Striker v. Mott, supra, no title or interest in the property passed by the deed from Winifred Mott to Park, or certainly nothing more than her life estate; and that as she was dead long before this partition suit was instituted, having died leaving issue March 16, 1862, whatever estate her deed had conveyed had come to an end. No title, therefore, to the property, could have been vested in Minturn, as against the Strikers.     The second answer to the objection is that, by the record of the deed from Isabella Hamilton's devisee to the plaintiff's grantor, the interest which had vested in Isabella Hamilton by the conveyance from Park to her passed to the plaintiff's grantor.

In construing this judgment in the partition suit, I think we should give to it, as claimed by the plaintiff, a reasonable construction, and that it should be held to be simply a setting apart of the property described as these seven parcels conveyed by Winifred Mott to George Park, which, but for the fact of the adverse claim made by Minturn, would go to the Motts therein named as the children of Winifred Mott; and that that tract of land was set apart as belonging to one of these two adverse claimants, the judgment not attempting to adjudicate as to their respective interests.     This land thus set apart, therefore, belonged to one of the adverse interests, which should subsequently succeed in establishing a right to the property; and, when the question as to such right came to be examined and determined, it is quite clear that the adverse claimant entitled to the property was the one who established a good title. Now, the record before the court shows conclusively that the Motts had such a title to that property.     There is nothing to cast even a suspicion upon their title, except the allegation of the complaint that Minturn made some sort of a claim to it, the nature or extent of which is not even stated.     All of this happened more than 30 years ago, and we think the record title to this property is complete, and shows that a good marketable title is vested in the plaintiff. This conclusion is arrived at without considering in any way the deed from the executors of Minturn.     After this interlocutory judgment was entered, and in the year 1869, Minturn died.     By his last will and testament, his real estate was divided between his children,

the shares of his daughters to remain in the hands of his executors as trustees, during the life of each daughter, giving to his executors a power of sale. There were three executors, and subsequently two of them united in a conveyance by which they conveyed this property in question to the plaintiff's grantor. The validity of that conveyance is challenged, because of the fact that two only of the executors united in the execution of the deed. It is not necessary to examine just the effect of this deed, as it evidently was a mere settlement between the plaintiff's grantor and Minturn's trustees of the dispute between them. There is absolutely no evidence of the interest that Minturn claimed in the land, and nothing to show that such an interest could not have been satisfied by an agreement of two of the trustees. We think it conclusively appears from the record that Minturn had no interest in the land at the time of his death which rendered the title unmarketable. The fact that a mortgage upon the land was payable in gold was not, in the absence of evidence to show that a mortgage payable in gold was more onerous than one payable in lawful money, an objection to the title. That question is controlled by our decision in the case of Blanck v. Sadlier, 5 App. Div. 82, 38 N. Y. Supp. 817.

We think the undisputed evidence in this case establishes the fact that the plaintiff had a good and marketable title to the property, which the defendant was not at liberty to refuse, and that the judgment was right, and should be affirmed, with costs. All concur.